UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNYE S. LUSTER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RAUL H. AMEZCUA, et al.,<br><br>　　　　Defendants. | 1:16-cv-00554-DAD-GSA-PC<br><br>SCREENING ORDER<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br><br>(ECF No. 1.)<br><br>THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT |

**I.     BACKGROUND**

Daphnye S. Luster ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 4, 2016, at the United States District Court for the Northern District of California. (ECF No. 1.) On April 18, 2016, the case was transferred to the Eastern District of California. (ECF No. 5.)

Plaintiff's Complaint is now before the Court for screening under 28 U.S.C. § 1915A.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Institution for Women in Corona, California. The events at issue in the Complaint allegedly occurred at the Central California Women's Facility (CCWF) in Chowchilla, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Lieutenant (Lt.) Raul H. Amezcua, Warden Debra K. Johnson, Captain (Capt.) M. Villegas, Sergeant (Sgt.) L. Perez, Sgt. T. Thomas, and Appeals Coordinator B. Fortner (collectively, "Defendants"), who were all employed at CCWF at the time of the events at issue. Plaintiff's factual allegations follow.

///

Plaintiff was assigned as a member of the Woman's Advocate Council (WAC) for the hard-to-house program at CCWF. On February 24, 2015, an incident occurred in Building 501, Room 14, in which an inmate's head was "busted open" and required several staples. Comp. at 3 ¶III. The alarm was activated and everyone in Room 14, including Plaintiff, was handcuffed and escorted to the program office where they remained until 8:00pm. No one came to interview the inmates to find out what happened to the injured inmate. Plaintiff went to tell Sgt. Rubacaba that the inmates all wanted to give statements but no one interviewed them. The 3rd Watch Lt. R. Amezcua sent everyone back to the room where the same inmate was injured again by being punched and kicked in the head.

In the morning on February 25, 2015, Plaintiff went to see the unit floor staff in Building 501 and reported the two batteries to Correctional Officer (C/O) S. D. Martinez. Martinez told Plaintiff to inform Sgt. Flores, so Plaintiff and two other inmates from Room 14 went to inform Flores. Sgt. Flores told them that because the batteries did not happen on his watch he wasn't going to do anything, so Plaintiff needed to inform 3rd Watch Staff. Plaintiff went back to 3rd Watch Sgt. Rubacaba and informed him, but he did nothing. Plaintiff and the other inmates went to 3rd Watch Lt. Amezcua and informed him. Lt. Amezcua said that he was convinced the inmate had fallen off her top bunk. Plaintiff told Amezcua about the two batteries and said he needed to check on the battered inmate. Amezcua asked Plaintiff what she wanted him to do, lock up the inmate who was the attacker or remove the attacker from the hard-to-house program. Amezcua re-housed the attacker in Administrative Segregation (ASU) for battery on an inmate.

On February 26, 2015, Plaintiff was re-housed in ASU for the same battery. On March 8, 2015, Plaintiff submitted a staff complaint 602 appeal against Lt. Amezcua for not following procedures to get statements from inmates in Room 14. On June 30, 2015, Plaintiff was interviewed by Sgt. Perez for the staff complaint appeal.

On July 2, 2015, Plaintiff was harassed and threatened by the ASU staff floor officers, C/Os Marcado and Whittier, who came to Plaintiff's cell door and told her that she had "pissed someone off" and should not come out of her cell. But ASU Sgt. Thomas told the officers to

conduct a fake cell search just to lure Plaintiff out of the cell because Plaintiff had a "Green Light" on her.[1]

On July 25, 2015, Sgt. Thomas also told Plaintiff she had a "Green Light" on her, placed by her supervisor. When Plaintiff asked which supervisor, Thomas refused to tell Plaintiff. However, Thomas said she had many supervisors and named Warden D.K. Johnson, Capt. M. Villegas, and Lt. Amezcua.

On July 29, 2015, Plaintiff submitted another 602 appeal for threats, retaliation, and harassment, because she believed the "Green Light attack" was placed on her by Lt. Amezcua and Capt. Villegas. Everyone knew about it.

Plaintiff seeks monetary damages, costs of suit, and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

---

[1] Plaintiff explains that a "Green Light" means that correctional officers have targeted an inmate to be attacked by other inmates to shut them up, and staff members turn their heads and allow the attack to happen. Complaint at 6.

4

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.     Defendant Johnson -- Supervisory Liability and Personal Participation

Plaintiff has named defendant Debra K. Johnson (Warden), who holds a supervisory position. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff fails to allege any personal conduct by

///

defendant Debra K. Johnson in the Complaint.  Therefore, Plaintiff fails to state any claims against defendant Debra K. Johnson.

### B. Threats

Plaintiff alleges that defendants Fortner, Amezcua, and Perez made threats against her. Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); accord Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).  Therefore, Plaintiff fails to state a claim for verbal threats or harassment.

### C. Failure to Protect – Eighth Amendment Claim

Plaintiff alleges that defendants Fortner, Amezcua, Perez, and Thomas placed her life in danger.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety."  Farmer, 511 U.S. at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his or her future health.  Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."  Farmer, 511 U.S. at 835. The Court defined this

"deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff fails to allege facts demonstrating that any named Defendant personally acted against her while disregarding a serious threat to her safety. Plaintiff alleges that she believes that some of the Defendants targeted her with a "Green Light," meaning that they were targeting her for attack by other inmates. However, Plaintiff does not allege sufficient facts showing that her belief is more than speculation. To state a claim, Plaintiff must allege specific facts showing that a particular named defendant personally acted against her, while knowing about and consciously disregarding an excessive risk to her safety. Plaintiff has not done so. Therefore, Plaintiff fails to state a claim against any defendant for failing to protect her under the Eighth Amendment.

### D. Detention in Administrative Segregation Unit – Due Process

Plaintiff alleges that defendant Amezcua placed her in the ASU on false charges, where she was detained for more than fifteen months. To the extent that Plaintiff seeks to bring a claim for violation of her rights to due process, Plaintiff fails to state a claim.

First, there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse

v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest in freedom from false claims against her.

Second, The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Here, Plaintiff has not shown that her detention in the ASU imposed atypical and significant hardship on her. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan, 83 F.3d at 1088–89.

Plaintiff fails to establish the existence of a protected liberty interest in remaining free from the ASU. In addition, Plaintiff has not alleged any facts showing that she was denied due

process before being detained in the ASU. Therefore, Plaintiff fails to state a cognizable claim for violation of her rights to due process based on her detention in the ASU.

### E. Prison Transfer

Plaintiff alleges that defendant Amezcua transferred her from CCWF to CWC. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Plaintiff has not alleged facts demonstrating that the transfer established the existence of a protected liberty interest. Therefore, Plaintiff fails to state a due process claim for her prison transfer.

### F. Retaliation

To the extent that Plaintiff seeks to bring a claim for retaliation, Plaintiff fails to do so. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff has not met these five elements to state a claim for retaliation.

### G. Emotional Distress – Physical Injury Requirement

Plaintiff alleges that she suffered emotional distress because of defendant Amezcua's conduct. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics

such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

Plaintiff does not allege that she suffered physical injury caused by any of the Defendants. Therefore, Plaintiff may not be awarded relief in this case for mental or emotional injuries.

### H.  Other Claims

Plaintiff claims that her rights were violated when Defendants tried to stop her from reporting the inmate attack, lured her out of her cell by conducting a false cell search, and failed to interview the inmates in Room 14. Plaintiff has not indicated what constitutional rights she believes were violated by these actions, and Plaintiff's claims based on this conduct are not apparent to the Court after reviewing the allegations. Plaintiff shall be granted leave to amend the complaint to clarify these claims.

### I.  State Law Claims

Plaintiff alleges that defendant Amezcua failed to follow CDCR rules and procedures. Plaintiff is informed that violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the Court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's claim against defendant Amezcua for failure to follow CDCR rules fails.

## V.  CONCLUSION AND ORDER

The Court finds that Plaintiff fails to state any cognizable claims in the Complaint upon which relief may be granted under § 1983. The Court will dismiss this Complaint and give

Plaintiff leave to amend to file an amended complaint addressing the issues described above. The amended complaint should only name as defendants any individuals who directly caused Plaintiff harm and explain what each defendant knew and did or failed to do, resulting in the violation of Plaintiff's rights.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of her constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights by their actions. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the Court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-00554-DAD-GSA-PC; and
5. If Plaintiff fails to file an amended complaint within 30 days, the Court will recommend that this case be dismissed for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **February 27, 2017**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE