UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNYE S. LUSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>RAUL H. AMEZCUA, et al.,<br><br>    Defendants. | **1:16-cv-00554-LJO-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED AGAINST DEFENDANT AMEZCUA FOR RETALIATION UNDER THE FIRST AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 24.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Daphnye S. Luster ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 4, 2016, at the United States District Court for the Northern District of California. (ECF No. 1.) On April 18, 2016, the case was transferred to this court. (ECF No. 5.)

On February 27, 2017, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 14.) On May 22, 2017, Plaintiff filed the First Amended Complaint. (ECF No. 20.)

1

On March 26, 2017, the court screened the First Amended Complaint and issued an order dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 22.) On June 11, 2018, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (ECF No. 24.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///
///
///

**III.    SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California Institution for Women in Corona, California. The events at issue in the Second Amended Complaint allegedly occurred at the Central California Women's Facility (CCWF) in Chowchilla, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Lieutenant (Lt.) Raul H. Amezcua, Warden Debra K. Johnson, Captain (Capt.) M. Villegas, Sergeant (Sgt.) L. Perez, and Appeals Coordinator B. Fortner (collectively, "Defendants"), who were all employed at CCWF at the time of the events at issue. Plaintiff's factual allegations follow.

On February 24, 2015, Plaintiff reported a battery that had taken place in Plaintiff's room between two inmates. Battery between these two inmates continued through the next day. On the first day, the inmate had to receive staples. On the second day, Plaintiff informed defendant Lt. Amezcua of the incidents, and he [Amezcua] told Plaintiff he was convinced the inmate with the staples had fallen off her top bunk. Plaintiff informed him that that was not true, and told him that the whole room would like to make a statement. Lt. Amezcua refused to interview the room. Plaintiff informed Lt. Amezcua that the inmate was being abused by her lover, and if he was not going to do anything Plaintiff would then take it to the next level. As part of the WAC,[1] Plaintiff had a duty to help her fellow peers. Lt. Amezcua placed Plaintiff in administrative segregation for the same battery she had reported to him. The retaliation against Plaintiff began.

Per policy, Plaintiff is not allowed to appeal an issue until after it happens. The false charge against Plaintiff caused her great suffering because she was denied her parole date on December 20, 2015, for having a recent 115,[2] being taken to court for these charges, losing

---

[1] Women's Advisory Council.

[2] CDCR form 115 is a Rules Violation Report.

good time credits that she cannot recover, and spending fifteen months in the SHU[3] when she could have been preparing for her parole hearing.

The argument that there is no reasonable probability that a correctional sergeant would telephone an inmate in the SHU is not accurate. Sgt. L. Perez phoned Plaintiff per policy and informed her that Lt. Amezcua had placed the "Green Light" on Plaintiff, and asked Plaintiff what she (Plaintiff) wanted Perez to do because he cannot fire Amezcua. (ECF No. 24 at 5.) Sgt. L. Perez was aware of the "Green Light" and the danger faced by Plaintiff because of Lt. Amezcua, who did nothing about it. (ECF No. 24 at 5.)

Plaintiff seeks monetary damages and to have the Rules Violation Report removed from her prison file.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

---

[3] Security Housing Unit.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Supervisory Liability

Plaintiff has named at least one defendant who holds a supervisory position. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Therefore, Plaintiff fails to state any claims against any of the Defendants based on supervisory liability.

## B. Personal Participation and Linkage -- defendants Johnson, Villegas, Fortner, and Perez

Section 1983 statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has not alleged any personal participation by defendants Johnson, Villegas, or Fortner in the Second Amended Complaint. Plaintiff makes no allegations whatsoever against any of these three Defendants. As for defendant Perez, the Second Amended Complaint shows no connection between Perez's actions and a deprivation of a constitutional right suffered by Plaintiff. Therefore, Plaintiff fails to state any claims under § 1983 against defendants Johnson, Villegas, Fortner, or Perez.

## C. Failure to Protect – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an

Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his or her future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that defendant Lt. Amezcua placed Plaintiff's life in danger when he placed a "Green Light" on Plaintiff. However, Plaintiff does not allege any facts showing that anyone made an actual, specific threat against her because of the "Green Light." There are no facts showing that anyone intended to harm Plaintiff, attempted to harm her, or that her fears were more than speculation. Therefore, Plaintiff fails to state a claim against any of the Defendants for failing to protect her in violation of the Eighth Amendment.

**D.     Due Process**

The Due Process Clause protects prisoners from being deprived of liberty or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a

cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Plaintiff alleges that defendant Amezcua made a false disciplinary report against her, which resulted in Plaintiff's detention in the SHU for fifteen months, and her loss of good time credits and her parole date.

### 1. **False Disciplinary Charges**

There is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest in freedom from false claims against her.

### 2. **Detention in the SHU**

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of

prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Here, Plaintiff has not shown that her detention in the SHU imposed atypical and significant hardship on her. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir. 1996). Plaintiff has not done so.

Therefore, Plaintiff does not have a protected liberty interest in freedom from administrative segregation or the SHU.

### 3. **Loss of Good-time Credits and Parole Date**

Plaintiff states that she lost good-time credits and her parole date as a result of a disciplinary proceeding against her. Such penalties could affect the duration of her custody. When a prisoner challenges the legality or duration of [her] custody, or raises a constitutional challenge which could entitle [her] to an earlier release, [her] sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. "By contrast, an action that, 'even if successful, will *not* demonstrate the invalidity of any

outstanding criminal judgment'" falls within § 1983's scope. Nettles v. Grounds, 830 F.3d 922, 928 (9th Cir. 2016), cert. denied, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017) (quoting Heck, 512 U.S. at 487). This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's Second Amended Complaint does not contain any allegations that Plaintiff's finding of guilt, which resulted in penalties against her has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Moreover, even if Plaintiff showed that success on her constitutional challenge would not necessarily entitle her to an earlier release, Plaintiff has not alleged that she was not provided all of the process she was entitled to under federal law.

Thus, Plaintiff fails to state a claim for violation of her rights to due process.

### E. **Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Liberally construed, the court finds that Plaintiff has adequately alleged the five essential elements of a retaliation claim. As to the first element, Plaintiff alleges that defendant Lt. Amezcua made a false disciplinary report against her, which resulted in her detention in the SHU and her loss of good-time credits and her parole date. The court finds these to be adverse actions against Plaintiff. Therefore, Plaintiff satisfies the first element of a retaliation claim.

Turning now to the second and third elements of a retaliation claim, which require Plaintiff to allege that the adverse action taken against her was "because of" her "protected conduct," Plaintiff alleges in the Second Amended Complaint that she reported to Lt. Amezcua

that one inmate had been battered by another and asked him to take action. Plaintiff alleges that this reporting was her duty as a member of the Women's Advisory Council. After Plaintiff reported the battery, she told Amezcua that she would "take it to the next level" if Amezcua was not going to do anything about it. Plaintiff alleges that Lt. Amezcua placed her in administrative segregation for the same battery she had reported to him. The court finds that Plaintiff's allegations with respect to the chronology of events allow the reasonable inference that defendant Amezcua took adverse action against Plaintiff because she intended to report to a level above Lt. Amezcua if he didn't do anything about the battery she reported. See Watison, 668 F.3d at 1114 ("Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal."); Pratt v. Rowland, 65 F.3d 802, 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Hackworth v. Torres, No. 1:06–cv–773 RC, 2011 WL 1811035 at *1 (E.D. Cal. May 12, 2011) (rejecting defendant's argument that prisoner's verbal objections to a prison policy during housing classification committee meeting with prison staff was not protected by the First Amendment because the inmate had not filed a written grievance); Uribe v. McKesson, No. 08–cv–1285 SMS, 2011 WL 9640 at *12 (E.D. Cal. Jan.3, 2011) (prisoner's attempt to report a prison official's misconduct, either "verbally or in writing, constitutes speech or conduct entitled to First Amendment protection."). Therefore, the court finds that Plaintiff's allegations satisfy the second and third elements of a retaliation claim.

As to the fourth element of a retaliation claim, which requires Plaintiff to allege that defendant's actions had a "chilling effect," as mentioned above, Plaintiff alleges that defendant Amezcua made a false disciplinary report against her, resulting in Plaintiff's fifteen-month detention in the SHU, loss of her parole date, and loss of good-time credits. The court finds that Plaintiff has adequately alleged a "chilling effect" because she has alleged more than minimal harm with respect to being disciplined on false charges. See Rhodes, 408 F.3d at 568 n. 11 ("his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect."); see also Pratt, 65 F.3d at 807–09 (alleged

harm was enough to ground a First Amendment retaliation claim without independently discussing whether the harm had a chilling effect); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989) (same).

Finally, as to the fifth element, the court finds that the allegations of Plaintiff's Second Amended Complaint allow the court to reasonably infer that defendant Amezcua's conduct did not serve a legitimate correctional goal. See Watison, 668 F.3d at 1114–15 ("A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious . . . or that they were unnecessary to the maintenance of order in the institution.'") (quoting Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (summary dismissal of
///
retaliation claim improper because prisoner alleged defendant's actions were retaliatory and arbitrary and capricious).

Accordingly, the court finds that Plaintiff states a cognizable claim for retaliation against defendant Lt. Amezcua.

### F. Injunctive Relief

Plaintiff requests injunctive relief in this case by means of a court order removing her Rules Violation Report from her prison file. The court cannot award this form of relief. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A). The injunction requested by Plaintiff would not remedy the past violation of Plaintiff's constitutional rights and therefore is not narrowly drawn to correct the alleged past violations.

Also, when a prisoner seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (finding prisoner's due process claim to be moot once he obtained a full release from prison supervision); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another prison). Once Plaintiff was transferred away from CCWF where the alleged violations occurred, any claims for injunctive relief regarding conditions at that institution became moot.

For the foregoing reasons, the court finds that this action is a damages action only.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff states a cognizable claim in the Second Amended Complaint against defendant Lt. Amezcua for retaliation in violation of the First Amendment, but states no other cognizable claims against any of the Defendants. The court also finds that Plaintiff's remaining claims and defendants should be dismissed from this action for failure to state a claim, without leave to amend.

The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has now filed three complaints. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed only on Plaintiff's retaliation claim against defendant Lt. Amezcua;
2. All other claims and defendants be dismissed from this action for failure to state a claim, without leave to amend;
3. Defendants Warden Debra K. Johnson, Captain M. Villegas, Sergeant L. Perez, and Appeals Coordinator B. Fortner be dismissed from this action for Plaintiff's failure to state any claims against them;

4. Plaintiff's claims for supervisory liability, failure to protect, and violation of due process be dismissed from this action for Plaintiff's failure to state a claim upon which relief may be granted; and

5. This case be referred back to the Magistrate Judge for all further proceedings, including initiation of service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

///

///

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 26, 2018**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE