1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    DAPHNYE S. LUSTER,                          1:16-cv-00554-LJO-GSA (PC)

12                  Plaintiff,

                                                  ORDER DENYING MOTION FOR
13          v.                                    APPOINTMENT OF COUNSEL

14    RAUL H. AMEZCUA, et al.,                    (Document# 51)

15                  Defendants.

16

17          On February 21, 2019, Plaintiff filed a motion seeking the appointment of counsel.

18    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland,

19    113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

20    Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the

21    Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain

22    exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23    section 1915(e)(1). Rand, 113 F.3d at 1525.

24          Without a reasonable method of securing and compensating counsel, the court will seek

25    volunteer counsel only in the most serious and exceptional cases. In determining whether

26    "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27    the merits [and] the ability of the [plaintiff] to articulate her claims *pro se* in light of the

28    complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

                                                  1

In the present case, Plaintiff argues that she is unable to afford counsel and needs assistance with discovery, gathering of evidence, access to evidence, organizing evidence, and preparing to bring this case to trial. Plaintiff also asserts that she lacks a thorough understanding of the Rules of Federal Procedure and the Local Rules. These conditions alone do not make Plaintiff's case exceptional under the Ninth Circuit's standards discussed above. While the court found that "Plaintiff states a cognizable claim for retaliation against defendant Lt. Amezcua," this finding is not a determination that Plaintiff is likely to succeed on the merits, and at this juncture the court is unable to determine whether Plaintiff is likely to succeed. (ECF No. 26 at 12:14-15.) Plaintiff's retaliation claim does not appear complex and based on a review of the record in this case, it appears that Plaintiff can adequately articulate her claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   __**March 7, 2019**__            _____**/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE