UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNYE S. LUSTER,<br><br>    Plaintiff,<br><br>vs.<br><br>RAUL H. AMEZCUA, et al.,<br><br>    Defendants. | 1:16-cv-00554-LJO-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (ECF No. 39.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF No. 50.)**<br><br>**ORDER STAYING DISCOVERY, EXCEPT FOR LIMITED PURPOSE DESCRIBED BY THIS ORDER PENDING RESOLUTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Daphnye S. Luster ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 4, 2016, at the United States District Court for the Northern District of California. (ECF No. 1.) On April 18, 2016, the case was transferred to this court. (ECF No. 5.)

    This case now proceeds with the Second Amended Complaint filed on June 11, 2018, against defendant Raul H. Amezcua ("Defendant") for retaliation under the First Amendment.

1

(ECF No. 24.)[1]  On January 23, 2019, the court issued a Discovery and Scheduling Order, which opened the discovery phase for this case.  (ECF No. 40.)

On January 17, 2019, Defendant filed a motion for a protective order.  (ECF No. 39.)  On February 21, 2019, Plaintiff filed an opposition to Defendant's motion and brought a cross-motion for a protective order.  (ECF No. 50.)  Defendant has not replied to Plaintiff's opposition, nor opposed Plaintiff's cross-motion, and the time for such responses has expired.  The parties' motions for protective order are before the court.  Local Rule 230(*l*).

## II. MOTION FOR PROTECTIVE ORDER – RULE 26(c)

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).  The court has inherent authority to manage the cases before it.  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance"); Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  Stays of proceedings in federal court, including stays of discovery, are committed to the discretion of the trial court.  See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

### Defendant's Motion

Defendant moves for a protective order staying all discovery in this action, except for discovery related to the Heck bar,[2] until after the court rules on Defendant's motion for summary judgment and resolves all Heck bar issues.  Defendant argues that until the court rules on the

---

[1] On September 24, 2018, the court issued an order dismissing all other claims and defendants from this case for failure to state a claim.  (ECF No. 28.)

[2] Defendant seeks summary judgment on the basis that Plaintiff's Second Amended Complaint is barred under the favorable termination doctrine in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

motion for summary judgment he is unable to confirm which claims, if any, will proceed in this case and therefore, is unable to determine the permissible scope of discovery or what further motions may be necessary. Defendant also argues that without such a protective order he could be required to respond to excessive discovery requests that will ultimately prove moot. In addition, Defendant argues that if the stay is not granted it will be an undue burden on Defendant and a waste of scarce state resources. Defendant contends that a stay would not unfairly prejudice Plaintiff. Defendant also requests the court to waive any meet-and-confer requirements to the extent they apply to Defendant's motion for a protective order.

In the alternative, should the court deny Defendant's motion for a protective order, and should Plaintiff serve any merits-based discovery during the pendency of the motion for summary judgment, Defendant requests forty-five days from the date of any order to respond to Plaintiff's discovery requests.

**Plaintiff's Position**

Plaintiff brings a cross-motion for a protective order under Federal Rule of Civil Procedure 26(c), requesting a stay of <u>all</u> discovery, including that pertaining to the <u>Heck</u> bar. Because Defendant is a CDCR employee, Plaintiff argues that Defendant is a threat due to Defendant's access to CDCR records which allows Defendant to retaliate and create false claims against Plaintiff. Plaintiff contends that a protective order against Defendant would cause Defendant to be accountable for his conduct and respond to all discovery. Plaintiff opposes Defendant's request for the court to waive the meet-and-confer requirements during the stay.

**Discussion**

Based on Defendant's arguments and a review of Defendant's pending motion for summary judgment, the court finds good cause to grant Defendant's motion for a protective order. <u>See</u> <u>Wood v. McEwen</u>, 644 F.2d 797, 801-02 (9th Cir. 1981). The court finds no prejudice to any of the parties and in fact, resolution of Defendant's motion for summary judgment may cause discovery to be unnecessary. The court does not anticipate a lengthy stay pending resolution of the motion for summary judgment.

///

The court finds Plaintiff's arguments to be unpersuasive. Plaintiff offers no argument in support of her request to stay <u>all</u> discovery, nor in support of her opposition to a waiver of the meet-and-confer requirement during the discovery stay. Plaintiff presents no plausible evidence supporting her argument that the protective order requested by Plaintiff would cause Defendant to be held accountable and respond to all discovery.

Therefore, based on the foregoing, Defendant's motion for a protective order shall be granted and Plaintiff's motion for a protective order shall be denied. Discovery shall be stayed for all parties, except for discovery related to the <u>Heck</u> bar, until after the court rules on Defendant's motion for summary judgment and resolves all <u>Heck</u> bar issues. If the parties have previously been served with discovery requests that do not relate to the <u>Heck</u> bar, they shall retain the discovery for later consideration after the stay has been lifted. In addition, until the motion for summary judgment is resolved, the parties are not required to exchange written correspondence in an attempt to resolve discovery issues.[3]

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order, filed on January 17, 2019, is GRANTED, as discussed in this order;
2. Plaintiff's request for a protective order, filed on February 21, 2019, is DENIED;
3. Discovery in this action, which commenced on January 23, 2019, is STAYED, except for discovery related to the <u>Heck</u> bar, pending the court's resolution of the

///

---

[3] As set forth in the court's Discovery/Scheduling Order issued on January 23, 2019:

"Local Rule 251 and the requirements set forth in Federal Rules of Civil Procedure 26 and 37− that a party certify he/she has conferred in good faith or attempted to confer with the opponent in an effort to resolve [a discovery] dispute prior to seeking court action − shall not apply. Nevertheless, voluntary compliance with this provision of Federal Rules of Civil Procedure 26 and 37 is encouraged. At a minimum, the parties shall exchange written correspondence in an attempt to resolve the issues." (ECF No. 40 at 2:18-20.)

By the issuance of this order, the parties are not required to exchange written correspondence in an attempt to resolve discovery issues during the stay.

4

motion for summary judgment filed by Defendant on January 17, 2019, and resolution of all <u>Heck</u> bar issues;

4. During the stay, the parties are not required to exchange written correspondence in an attempt to resolve discovery issues;

5. Following the resolution of Defendant's motion for summary judgment, the Court shall issue a new scheduling order if needed.

IT IS SO ORDERED.

Dated: **March 27, 2019**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE